# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

DARREN BERTANZETTI,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY and
ADVANCED MICRO DEVICES COMPREHENSIVE WELFARE BENEFIT PLAN, PLAN NUMBER 511,

Defendants.

___

## COMPLAINT
___

Plaintiff Darren Bertanzetti, by and through his counsel of record, the McDermott Law, LLC, for his Complaint against Metropolitan Life Insurance Company and Advanced Micro Devices Comprehensive Welfare Benefit Plan, Plan Number 511, states and alleges as follows:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*

### I.   JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and the Employee Retirement Income Security Act of 1974 (ERISA), in particular, 29 U.S.C. §§ 1132(e)&(f).

3. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. § 1132(e)(2).

## II.     PARTIES

4.     Plaintiff Darren Bertanzetti is and at all times pertinent hereto was a resident of the State of Colorado.

5.     Metropolitan Life Insurance Company (hereinafter referred to as "Defendant" or "MetLife") is a New York corporation.  MetLife is registered with the Colorado Division of Insurance and does business throughout the United States and in the State of Colorado.

6.     Advanced Micro Devices Comprehensive Welfare Benefit Plan, Plan Number 511 (hereinafter "Plan") has been, at all material times, an employee welfare benefit plan administered under ERISA and is a proper party defendant pursuant to 29 U.S.C. § 1132(d)(1).

7.     MetLife issued group life insurance policy number 101386-1-G which provides life insurance benefits to eligible employees of Advanced Micro Devices (hereinafter "the Policy"). The coverage is titled, Optional Employee Life Continued Protection.

8.     At all relevant times, Plaintiff Bertanzetti was an employee of Advanced Micro Devices and a participant in the Plan insured by the Policy issued to Advanced Micro Devices and sponsored and administered by MetLife.

9.     Defendant MetLife, as the insurer and underwriter of the Policy, has an obligation to provide benefit coverage as defined under the terms of the Policy

10.     The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Following Defendant's denial of his claim, Plaintiff submitted an appeal as required.  Defendant MetLife upheld its adverse benefit determination; thus, Mr. Bertanzetti's claim is ripe for adjudication.

### III.    GENERAL ALLEGATIONS

#### Mr. Bertanzetti's Life Insurance Policy with MetLife

11.    In 2007, Mr. Bertanzetti became an employee of Advanced Micro Devices.

12.    As an employee of Advanced Micro Devices, Bertanzetti was an insured under the life insurance Policy.

13.    The Policy became effective on October 16, 1995 and was renewed annually.

14.    The Policy was in effect at the time Mr. Bertanzetti ceased work on August 2, 2011.

15.    With this Policy, MetLife promised to waive all life insurance policy premiums if Mr. Bertanzetti ever became Totally Disabled.

16.    This promise of continued coverage is found in the section of the Policy titled "Eligibility for Continuation of Certain Insurance While You Are Totally Disabled," which provides:

> If You become Totally Disabled while You are insured for Continuation Eligible Insurance under this policy, You may qualify to continue certain insurance under this section. If continued, premium payment will not be required. We will determine if You qualify for this continuation after We receive Proof that You have satisfied the conditions of this section.

(For purposes of this case and future pleadings, Plaintiff will refer to this policy provision as Waiver of Premium, or WOP).

17.    The Policy defines "Total Disability" to mean that Mr. Bertanzetti was (1) unable to perform the material duties of his regular job; and (2) unable to perform any other job for which he is fit by education, training or experience.

#### Mr. Bertanzetti's Claim for Waiver of Premium Benefits

18.    Prior to his disability, Mr. Bertanzetti was serving as an MTS Design Engineer at Advanced Micro Devices, until he was no longer able to work due to his deteriorating medical condition as a result of B-Cell Lymphoma, among other conditions.

3

19. The Advance Micro Devices Comprehensive Welfare Benefit Plan also provides plan participants, such as Mr. Bertanzetti, with long term disability (LTD) income replacement benefits.

20. The long term disability benefits are provided to employees of Advanced Micro Devices, including Mr. Bertanzetti, under a group disability policy issued by Liberty Life Assurance Company of Boston (Liberty Life) to Advanced Micro Devices (the "LTD Policy").

21. Mr. Bertanzetti's last day of work at Advanced Micro Devices was August 2, 2011.

22. Mr. Bertanzetti has been disabled and continuously receiving long term disability benefits under LTD Policy since October 2011.

23. In a May 28, 2013 letter, Liberty Life advised Mr. Bertanzetti, "Your claim has been referred to our Dover, NH office as the medical information indicates that only routine management is necessary at this time."

24. In January 2012, Mr. Bertanzetti applied to the Social Security administration for social security disability insurance benefits ("SSDI Benefits").

25. The Social Security Administration has determined that Mr. Bertanzetti was disabled as of October 27, 2010 and an awarded SSDI Benefits to be paid as of April 2011. This determination has never changed; Mr. Bertanzetti remains disabled under this federal program.

26. Mr. Bertanzetti's long term disability benefits under the LTD Policy have not been terminated as Liberty Life has concluded he is disabled.

27. The definition of disability provided for in the Advanced Micro Devices Comprehensive Benefits Summary Plan Description (SPD) dated January 1, 2011, under the section entitled "Disability", which is underwritten and insured by Liberty Life Assurance Company of Boston, is substantially similar to the Total Disability definition found in the MetLife LWOP Policy. The SPD defines disability as: "After 24 months of disability, you are completely unable, due to a

physical or mental condition from an illness or injury, to perform the material duties of any occupation for which you are reasonably qualified by training, experience or education."

28. During most of this entire time, Mr. Bertanzetti has been entitled to continued group life insurance coverage under the above referenced policy and pursuant to Waiver of Premium provision.

29. MetLife approved Mr. Bertanzetti's claim for Waiver of Premium beginning in September 2012.

30. Mr. Bertanzetti continued to be covered under the Life Policy without paying premiums for more than three years.

31. By letter dated December 18, 2015, MetLife informed Mr. Bertanzetti that "Based on the work capacities/restrictions provided, the MetLife claims team finds that you have the current functional ability to perform the occupations noted within your qualifications and level of function."

32. On May 20, 2016, Mr. Bertanzetti submitted an internal appeal of the denial to MetLife.

33. The internal appeal letter provided information explaining that Mr. Bertanzetti had been deemed disabled by the Social Security Administration (SSDI) and Liberty Life (LTD).

34. Mr. Bertanzetti finalized his appeal by letter dated May 20, 2016 and included a letter from his treating physician and other evidence verifying his disability.

35. By letter dated July 14, 2016, MetLife informed Mr. Bertanzetti that it had completed its review of the termination of his Optional Employee Life Continued Protection and concluded he no longer satisfied the definition of disability set forth in the Advanced Micro Devices Plan as of December 18, 2015.

36. The evidence in MetLife's claim file establishes that Mr. Bertanzetti was and remains totally disabled pursuant to the provisions of the life insurance Policy.

37. In denying the Waiver of Premium claim, MetLife ignored all documentation and information it had available to it from Plaintiff, treating medical providers and others showing that the Plaintiff meets the definition of Total Disability under the Waiver of Premium policy provision.

38. Defendant MetLife's denial of Optional Continued Employee Life Continued Protection Benefit is and has been in derogation of Plaintiff's rights by contract and pursuant to law.

39. Defendant MetLife's denial of benefits, and its refusal to reverse its decisions upon review of Plaintiff's claims, is not substantially justified decisions, were arbitrary and capricious, is unsupported by substantial evidence, constituted abuse of any discretion allowed and is wrongful under all the circumstances.

40. Defendant MetLife suffers from a structural conflict of interest as it decides whether the claimants, including Plaintiff, satisfy the Life Waiver of Premium provision and will receive benefits under the Policy which would require paying life insurance benefits upon the unlikely death of Plaintiff.

41. Determinations by MetLife under the Policy are not entitled to deference because MetLife acted in its own financial interests, and MetLife does not have or maintain the neutrality or objectiveness of a fiduciary under the circumstances.

42. Since originally filing his claim with MetLife, Mr. Bertanzetti has been and remains totally disabled as that term is defined by the Policy and is entitled to continued life insurance coverage.

## IV.  CLAIM FOR RELIEF

### (Claim for Benefits Due - ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))

43.  ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) provides a plan participant such as Plaintiff with a civil action to recover benefits due under the terms of a plan and to enforce his rights under the terms of the plan.  Mr. Bertanzetti is entitled to recover life insurance waiver of premium benefits due to him under the terms of the Policy.

44.  Under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), Mr. Bertanzetti is entitled to clarification that he has rights to payment of future life insurance premiums under the terms of the Policy affording such benefits.

45.  Under ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3), Mr. Bertanzetti is entitled to a declaration that MetLife is obligated to pay Mr. Bertanzetti benefits for his life insurance premiums and injunctive relief requiring MetLife to provide such benefits as long as Mr. Bertanzetti remains disabled.

46.  ERISA Section 503, 29 U.S.C. §1133, requires that a claimant for benefits whose claim has been denied in whole or in part is entitled to a "full and fair review" of the claim denial.

47.  As a result of MetLife's violations of ERISA and/or long term disability plan alleged above, Plaintiff has been denied benefits due and has been denied a full and fair review of his claim.

48.  Pursuant to 29 U.S.C. § 1132(g), Mr. Bertanzetti is entitled to an award of his reasonable attorneys' fees and costs incurred in bringing this action.

**WHEREFORE,** Plaintiff Darren Bertanzetti requests a judgment in his favor and against Defendants, and that the Court provides relief against Defendants as follows:

   a.  Declare that Defendants failed to comply with its obligations under 29 U.S.C. §1133 and its implementing regulations to provide Plaintiff with the

       opportunity for a full and fair review of the denial of his claim and also violated those obligations by failing to fully and fairly review that denial;

b.     Declare that Plaintiff is disabled within the meaning of the Policy, meets the Waiver of Life Insurance Premium definition of disability and is entitled to reinstatement of his life insurance coverage;

c.     Order the Defendants to pay Mr. Bertanzetti the costs of suit herein, and a reasonable attorneys' fee, pursuant to ERISA Section 502(g)(1), 29 U.S.C. §1132(g);

d.     Determine and then declare that Mr. Bertanzetti is entitled to life insurance coverage so long as he continues to meet the terms and conditions in the Policy;

e.     That the Court Grant such other and further equitable relief as this Court deems just and proper.

DATED this 2nd day of February 2017.

                                           McDERMOTT LAW, LLC

                                           *s/ Shawn E. McDermott*

                                           _____
                                           Shawn E. McDermott, #21965
                                           Timothy M. Garvey, #42668
                                           2300 15th Street, Suite 200
                                           Denver, CO 80202
                                           (303) 964-1800
                                           Fax: (303) 964-1900
                                           Email: shawn@mcdermottlaw.net
                                           Email: tim@mcdermottlaw.net
                                           *Attorneys for Plaintiff*

Plaintiff's Address:
4686 E. 134th Avenue
Thornton, CO 80241